

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| FRED W. HARDER, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO.: 3:11cv396 |
| ARCO WELDING, INC. | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

## COMPLAINT

Plaintiff Fred W. Harder moves for judgment against Defendant Arco Welding, Inc. (hereinafter "Defendant"), for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and hereby states and alleges as follows:

### INTRODUCTION

1. This action is brought pursuant to the FLSA § 216(b) for purposes of obtaining relief under the FLSA for unpaid wages, overtime wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. This action is brought against Defendant and each of its respective divisions, subsidiaries and affiliates, however constituted, including but not limited to any employer of the Plaintiff, all doing a portion of their business in Virginia.

3. Defendant, through itself or other unknown entities, directly or indirectly acted in the interest of an employer toward Plaintiff at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of the Plaintiff. In the alternative, Defendant and each of its respective divisions, subsidiaries or affiliates, however

constituted for the office locations at issue, was the employer of Plaintiff and it commonly controlled the terms of compensation and employment of Plaintiff.

4. Plaintiff worked for Defendant in Fredericksburg, Virginia as a structural steel welder, beginning on or around April 6, 2009 to on or around February 2011.

5. Plaintiff was hired at an hourly rate of $14.00 per hour.

## JURISDICTION AND VENUE

6. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. This Court has subject matter jurisdiction over Plaintiff's FLSA claims based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c), because Defendant operates in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

8. At all times pertinent to this Complaint, Defendant, in conjunction with its respective divisions, subsidiaries or affiliates of their Virginia location(s) in the United States, however such divisions, subsidiaries or affiliates are constituted, has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in 29 U.S.C. §§ 203(r) and 203(s). The annual gross sales volume of Defendant exceeds $500,000.00 per annum.

9. The FLSA regulates, among other things, the payment of minimum wages and overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

10. Defendant was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

## PARTIES

11. Defendant operates a welding business which is located in the County of Spotsylvania, Virginia.

12. Plaintiff Fred W. Harder was an employee of Defendant.

13. Plaintiff Fred W. Harder is a resident of and is domiciled in the County of Essex in the Commonwealth of Virginia.

## COUNT I
### Violation of the Fair Labor Standards Act of 1938

14. At all times during Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee.

15. Plaintiff worked as a Structural Steel Welder for Defendant. Plaintiff's primary responsibility was to weld steel in accordance with Defendant's instructions.

16. Plaintiff regularly worked between fifty (50) and sixty (60) hours per workweek but did not receive one and one-half times his regular rate of pay for all hours worked over forty (40) in every workweek for the duration of his employment with Defendant.

17. Each day of Plaintiff's employment with Defendant, he was required to report to Defendant's principal place of business to load tools and equipment prior to traveling to each jobsite.

18. At the end of each work day, Plaintiff returned to Defendant's principal place of business after leaving the jobsite and prior to returning home.

19. Plaintiff was not paid for any time he spent traveling from Defendant's principal place of business to the jobsites where he worked.

20.     Plaintiff was not paid for any time he spent returning from the jobsites where he worked to Defendant's principal place of business.

21.     Defendant failed to comply with 29 C.F.R. § 785.38 which requires that travel which is part of an employee's principal activity must be counted as hours worked.

22.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

21.     Defendant violated the FLSA by failing to pay Plaintiff overtime wages for all hours worked over forty (40) in every workweek.

22.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to the Plaintiff. Accordingly, the Plaintiff must be paid overtime pay in accordance with the FLSA.

23.     Defendant's failure to appropriately pay the Plaintiff under the law was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA.

24.     Plaintiff is entitled to damages equal to the mandated unpaid overtime premium pay for the two years preceding the filing of his Complaint.

25.     Plaintiff is also entitled to recover an award of liquidated damages in an amount equal to double the amount of his unpaid overtime premium pay for the three years preceding the filing of this Complaint pursuant to the FLSA, 29 U.S.C. § 216(b).

26.     Pursuant to 29 U.S.C. § 216(b), the Plaintiff also is entitled to reimbursement of his costs and attorneys' fees expended in successfully prosecuting this action for unpaid wages and overtime wages.

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiff the following relief:

a. Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendant's actions, as described in the Complaint, are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

b. Issue an Order directing and requiring Defendant to pay Plaintiff damages in the form of reimbursement for unpaid overtime wages for all time spent in excess of 40 hours per week performing compensable work for which Plaintiff was not paid pursuant to the rate provided by the FLSA;

c. Issue an Order directing and requiring Defendant to pay Plaintiff liquidated damages pursuant to the FLSA in an amount equal to, and in addition to, the amount of overtime wages owed to him;

d. Issue an Order directing Defendant to pay Plaintiff his costs and attorney's fees expended in the course of litigating this action;

e. Provide Plaintiff with such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Virginia and Federal law.

Dated: June 16, 2011

Respectfully submitted,

_____
J. Allen Schreiber (VSB#79397)
Joanna L. Suyes (VSB#74226)

5

Marks & Harrison, P. C.
1500 Forest Ave. Suite 100
Richmond, VA  23229
804-282-0999 (phone)
804-288-1330 (fax)
E-mail: aschreiber@marksandharrison.com
E-mail: jsuyes@marksandharrison.com