## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

FRED W. HARDER,

        Plaintiff,

v.                                              Civil Action No. 3:11cv396

ARCO WELDING, INC.,

        Defendant.

### MEMORANDUM OPINION

Before the Court in this Fair Labor Standards Act case is Defendant ARCO Welding,

Inc.'s ("ARCO") Motion for Rule 11 Sanctions and Motion to Dismiss. (Docket Nos. 11, 12.)

Plaintiff Fred W. Harder has responded to these motions. (Docket No. 14.) Neither party sought

a hearing, and the Court has determined that oral argument would not aid the decisional process.

Accordingly, this matter is ripe for disposition. The Court exercises jurisdiction pursuant to 28

U.S.C. §§ 1331 and 636(c). For the reasons that follow, the Court will DENY ARCO's Motion

for Rule 11 Sanctions and Motion to Dismiss.

### I. Background

**A.**    **Facts**[1]

ARCO operates a welding business in Virginia. From on or about April 6, 2009 through

February 2011, ARCO employed Harder as a structural steel welder, paying him an hourly rate

---

[1] The following facts are taken from the Complaint. (Docket No. 1.) For purposes of the pending Motion to Dismiss, the Court will assume the well-pleaded factual allegations in the Complaint to be true and will view them in the light most favorable to Harder. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

of $14.00 per hour. The overtime pay requirements of the Fair Labor Standards Act of 1938 ("FLSA")[2] applied to ARCO, and Harder worked as a non-exempt employee.

Each day of Harder's employment, ARCO required him to report to ARCO's principal place of business for purposes of loading tools and equipment prior to traveling to each job site. "At the end of each work day, [Harder] returned to [ARCO's] principal place of business after leaving the jobsite and prior to returning home." (Compl. ¶ 18.) ARCO did not pay Harder for the time he spent traveling from ARCO's principal place of business to the job sites or for the time he spent traveling from the job sites to ARCO's principal place of business.

Harder alleges that ARCO failed to count as hours worked the travel time "which is part of an employee's principal activity." (Compl. ¶ 21.) Harder "regularly worked between fifty (50) and sixty (60) hours per workweek but did not receive one and one-half times his regular rate of pay for all hours worked over forty (40) in every workweek for the duration of his employment with [ARCO]." (Compl. ¶ 16.) Harder alleges that, in failing to count his travel time as hours worked and in failing to pay him overtime wages for all hours worked over forty in every workweek, ACRO acted willfully and without good faith.

**B.** **Procedural History**

On June 20, 2011, Harder filed a Complaint against ARCO alleging that he was not paid for all hours worked in excess of forty hours in a workweek in violation of the FLSA. On September 12, 2011, ARCO filed its Answer, denying that Harder regularly worked in excess of forty hours per week and denying Harder's entitlement to overtime compensation. (Docket No. 6.)

---

[2] 29 U.S.C. § 201 *et seq.*

On October 10, 2011, ARCO filed its Motion for Rule 11 Sanctions and Motion to Dismiss. In its Motion to Dismiss, ARCO contends that Harder's Complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, ARCO argues that Harder's Complaint insufficiently alleges: (1) compensable travel time under the FLSA; (2) the number of overtime hours worked for which he did not receive pay; and, (3) ARCO's knowledge of the overtime hours worked. In its Motion for Rule 11 Sanctions, ARCO argues that sanctions are appropriate because "the legal contentions asserted in [Harder's] Complaint are not warranted under well-established existing law and that [Harder's] claim is without evidentiary support." (Def.'s Mot. R. 11. Sanctions 1.)

In response, Harder argues that his Complaint sufficiently states a claim for relief. Even if this Court were to find his Complaint deficient, Harder contends that sanctions would be inappropriate and that the Court should grant him leave to amend his Complaint.

The parties consented to the jurisdiction of a magistrate, and on October 25, 2011, the case was reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## II. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Matkari*, 7 F.3d at 1134; *see also Martin*, 980 F.2d at 952. This principle applies only

3

to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

4

### III. Analysis

#### A.    Applicable Law

The FLSA requires employers to pay employees time-and-a-half wages for hours worked

over forty hours per week.  29 U.S.C. § 207(a)(1).  To assert a claim for unpaid overtime wages,

a plaintiff must properly allege: "(1) that he [or she] worked overtime hours without

compensation, (2) the 'amount and extent' of the work 'as a matter of just and reasonable

inference,' and (3) that [the employer] knew of the uncompensated overtime." *Talton v. I.H.*

*Caffey Distrib. Co., Inc.*, 124 F. App'x 760, 763 (4th Cir. 2005) (*quoting Anderson v. Mt.*

*Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)); *see also Davis v. Food Lion*, 792 F.2d 1274,

1276 (4th Cir. 1986).

In some instances, employers subject to the provisions of the FLSA must compensate

employees for travel time incurred during the work day.

> Time spent by an employee in travel *as part of his principal activity* . . . must be
> counted as hours worked.  Where an employee is *required to report* at a meeting
> place to receive instructions or to perform other work there, or to pick up and to
> carry tools, the travel from the designated place to the work place is part of the
> day's work, and must be counted as hours worked . . . .

29 C.F.R. § 785.38 (emphasis added).  However, under the Portal-to-Portal Pay Act, an employer

need not compensate an employee for time spent traveling to the place of performance of the

principal activity or for activities which are preliminary or postliminary to the principal activity.

29 U.S.C. § 254(a).  Ultimately, travel time may or may not be compensable depending on

whether the travel is considered a part of the employee's principal activity.  *See Truslow v.*

*Spotsylvania Cnty. Sheriff*, 783 F. Supp. 274, 277 (E.D. Va. 1992).

**B. <u>Harder's Complaint Sufficiently States a Claim for Relief</u>**

Under review for this Motion to Dismiss, Harder's Complaint sufficiently states a claim for unpaid overtime wages under the FLSA. Viewing Harder's well-pleaded factual allegations as true and in the light most favorable to him, Harder has alleged that he worked overtime hours, in the form of compensable travel time, without compensation. In arguing otherwise, ARCO contends that the alleged travel time cannot be considered compensable under the Portal-to-Portal Pay Act.[3] Harder, however, has alleged that ARCO required him to report each workday to its principal place of business for purposes of loading tools and equipment prior to traveling to each job site. Harder further alleges that ARCO then failed to pay him for the time spent traveling from ARCO's principal place of business to the various job sites even though this travel time was a part of his principal activity.[4] Taken as true, these allegations state a claim for compensable travel time despite the Portal-to-Portal Pay Act.

---

[3] Specifically, ARCO states in briefing:

> In the present case, [Harder] merely rode in [ARCO's] vehicle, which was driven by someone else, from [ARCO's] principal place of business to the job site of the day before the start of the actual workday, and back after the end of the workday. It could not be clearer, in the present case, that [Harder's] travel time was not *compensable* time.

(Def.'s Br. Supp. Mot. Dismiss ("Def.'s Br. Supp.") 4.) Elsewhere in briefing, ARCO states that ARCO did not require Harder to report to its principal place of business, that it provided the vehicle to Harder for his convenience, and that Harder never reported overtime. Because the Complaint does not include these allegations, the Court will not consider them at this procedural juncture.

[4] Categorizing this allegation as no more than a legal conclusion, ARCO encourages the Court to give no weight to Harder's allegation that this travel time was part of his principal activity. This allegation, however, should not be considered in isolation. Coupled with the factual allegations that ARCO required Harder to report each day to load tools, the Court finds that Harder has sufficiently pled compensable travel time. For the same reasons, ARCO's

Harder also has sufficiently alleged the amount and extent of work for which overtime compensation is allegedly due. Harder alleges that ARCO employed him at an hourly rate of $14.00 per hour from April 6, 2009 through February 2011, and that he regularly worked between fifty and sixty hours per workweek without receiving overtime compensation. Contrary to ARCO's contention that the Complaint "alleges nothing as to the number of compensable hours for which he was not paid overtime" (Def.'s Br. Supp. 5) and contains "only broad allegations that he had been required to work more than 40 hours per week" (Def.'s Br. Supp. 6), Harder's Complaint sufficiently alleges that he worked between ten and twenty hours of overtime per week without receiving compensation, the time frame of his employment, and the activity, travel time, that allegedly occupied this overtime. *See, e.g., DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 509-10 (E.D.N.Y. 2011); *Butler v. DirectSat USA, LLC*, No. DKC 10-2747, 2011 WL 2669349, at *5 (D. Md. July 6, 2011); *Walker v. Serv. Corp. Int'l*, No. 4:10CV48, 2011 WL 1370575, at *7 (W.D. Va. Apr. 12, 2011); *Crabtree v. Ibarra*, No. H-10-1118, 2011 WL 649997, at *6 (S.D. Tex. Feb. 10, 2011).

Finally, Harder has sufficiently alleged that ARCO knew of the uncompensated overtime. Harder alleges that each workday ARCO *required* him to report to ARCO's principal place of business prior to traveling to each job site, but failed to pay him for overtime accrued in traveling from ARCO's principal place of business to the job sites even though this travel time was part of

---

argument that Harder has failed to allege that this travel time was not preliminary or postliminary does not persuade the Court.

ARCO also argues that Harder has failed to allege that this travel time was not *de minimis*. Harder, however, has alleged that ARCO failed to count this compensable travel time as hours worked, resulting in Harder working ten to twenty hours of overtime per week without receiving compensation. Taking these allegations as true, the Court finds no merit in ARCO's *de minimis* argument.

7

Harder's principal activity. Because Harder alleges that ARCO required him to report to its principal place of business each day, he sufficiently alleges that ARCO knew of the uncompensated travel time and resulting uncompensated overtime.

Taking the well-pleaded allegations as true and viewing the Complaint in the light most favorable to Harder, the Court finds that Harder's Complaint sufficiently states a claim for unpaid overtime wages under the FLSA. Harder's Complaint states a plausible FLSA claim and gives ARCO fair notice of the nature of the claim and the grounds upon which it rests. *See Bell Atl. Corp.*, 550 U.S. at 555. Accordingly, the Court will DENY ARCO's Motion to Dismiss.

## C.    **Rule 11 Sanctions Will Not Issue**

Federal Rule of Civil Procedure 11 requires that filings with the Court be well grounded in law and fact and not made for an improper purpose.[5] Here, ARCO argues that sanctions

---

[5] Rule 11 provides:

By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b).

should commence because the Complaint's legal contentions are not warranted under well-established existing law and the Complaint lacks evidentiary support.

As numerous cases cited by Harder demonstrate, existing law plainly permits a basis for the legal contentions in Harder's Complaint. *See, e.g., Sec'y of Labor, U.S. Dep't of Labor v. E. R. Field, Inc.*, 495 F.2d 749, 751 (1st Cir. 1974); *Ross v. Wolf Fire Prot., Inc.*, No. WDQ-10-2804, 2011 WL 2600659, at *4-5 (D. Md. June 28, 2011); *Epps v. Arise Scaffolding & Equip., Inc.*, No. 2:10cv189, 2011 WL 1566004, at *4-5 (E.D. Va. Feb. 17, 2011) (Report and Recommendation adopted by *Epps v. Arise Scaffolding & Equip., Inc.*, No. 2:10cv189, 2011 WL 1566001 (E.D. Va. Apr. 22, 2011)); *Jackson v. BECCM Co., Inc.*, No. 3:09cv54, 2010 WL 56077, at *4 (W.D. Va. Jan. 5, 2010); *Baker v. Barnard Constr. Co., Inc.*, No. 93-140 BB/RLP, 1998 U.S. Dist. LEXIS 23589, at *14-19 (D.N.M. Nov. 18, 1998). On this record and at this procedural juncture, the Court cannot make a finding that the factual contentions in Harder's Complaint do not have or are not likely to have evidentiary support. Indeed, this Court's denial of ARCO's Motion to Dismiss makes evident that no such finding can be made. At best, ARCO's Motion for Rule 11 Sanctions perplexes the Court. It is DENIED.

### IV.  Conclusion

For the foregoing reasons, the Court will DENY ARCO's Motion for Rule 11 Sanctions and Motion to Dismiss. (Docket Nos. 11, 12.)

An appropriate Order shall issue.

/s/

M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 11 - 16 - 11

9